IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOWARD GENTRY, *in his official capacity as Criminal Court Clerk for the Metropolitan Government of Nashville and Davidson County*,<br><br>and<br><br>THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,<br><br>    Plaintiffs,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF TREASURY and DAVID H. LILLARD, JR., *in his official capacity as State Treasurer*,<br><br>and<br><br>THE NASHVILLE COMMUNITY BAIL FUND,<br><br>    Defendants. | Case No. _____<br><br>JURY DEMAND |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Howard Gentry, in his official capacity as Criminal Court Clerk for the Metropolitan Government of Nashville and Davidson County ("Metro"), and Metro seek a declaratory judgment that neither the Criminal Court Clerk's Office nor Metro is responsible for the judgment entered in *Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-CV-00103. When Mr. Gentry enforced a state court rule in his official capacity, he acted as an agent of the State of Tennessee and not as a local official.


{N0581456.5}

## INTRODUCTION

1. This action presents questions of law as to whether, for purposes of determining which governmental entity is responsible for payment of an award for attorneys' fees under 42 U.S.C. § 1988, a criminal court clerk acts as an agent of the State or the local government when he enforces a state court rule that serves purely a state function.

## JURISDICTION AND VENUE

2. The attorneys' fees award at issue was ordered pursuant to 42 U.S.C. § 1988 in litigation brought under 42 U.S.C. § 1983. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.

3. This Court has the power to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Howard Gentry is the Criminal Court Clerk for the Twentieth Judicial District. In this role, Mr. Gentry serves both state and local functions. He brings this lawsuit in his official capacity as an elected official for Metro.

6. Plaintiff Metro is a consolidated city and county government formed by the City of Nashville and Davidson County and incorporated pursuant to Tenn. Code Ann. §§ 7-1-101, *et seq.*

7. Defendant the Tennessee Department of Treasury is the State of Tennessee's revenue management agency and is responsible for maintaining the state government's financial standing and for compensating persons who have been damaged by the State. The Department of Treasury is located at 600 Martin Luther King Jr. Boulevard, Nashville, TN 37243, and can be served through the Tennessee Attorney General and Reporter at 500 Dr. Martin L. King, Jr., Boulevard, Nashville, TN 37219.

8. Defendant David H. Lillard, Jr., is the State Treasurer for the State of Tennessee. Mr. Lillard is sued in his official capacity and has an office at 600 Martin Luther King Jr. Boulevard, Nashville, TN 37243. Mr. Lillard can be served through the Tennessee Attorney General and Reporter at 500 Dr. Martin L. King, Jr., Boulevard, Nashville, TN 37219.

9. Defendant The Nashville Community Bail Fund ("NCBF") is a Tennessee non-profit corporation based in Nashville with the purpose of freeing low-income persons from jail and working to end wealth-based pretrial detention. NCBF was the prevailing party in a prior federal lawsuit it brought against Mr. Gentry in his official capacity as the Criminal Court Clerk. NCBF's registered agent, Cogency Global, Inc., is located at 992 Davidson Drive, Ste. B, Nashville, TN 37205-1051.

**FACTS**

**I. The NCBF Lawsuit**

10. On February 5, 2020, Defendant NCBF sued Plaintiff Gentry, in his official capacity as Criminal Court Clerk for the Twentieth Judicial District, challenging Davidson County Criminal Court Local Rule 10B and the Criminal Court Clerk's "garnishment policy" that flows from that rule. NCBF's lawsuit, *Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-CV-00103, was assigned to Judge Aleta Trauger in the Middle District of Tennessee.

11. Local Rule 10B required the Criminal Court Clerk to deduct fees, costs, and fines from cash bonds.

12. NCBF served Mr. Gentry only via Metro's Department of Law. Mr. Gentry entered his appearance in the lawsuit exclusively in his capacity as an elected official for Metro, as the Department of Law has no authority to accept service of process for State officials.

13. On February 12, 2020, Metro's Department of Law, acting on Mr. Gentry's behalf, wrote a letter to the Office of the Tennessee Attorney General asking that office to represent Mr. Gentry in the lawsuit because it concerned his conduct as an agent of the State of Tennessee and not as an elected Metro official. (*See* February 12, 2020, Letter to Attorney General, attached as Exhibit 1.)

14. The State did not enter an appearance on Mr. Gentry's behalf, provide counsel to him, or otherwise take any steps to defend the state court rule in the lawsuit.

15. Mr. Gentry, represented by Metro's Department of Law in a limited capacity, moved to dismiss NCBF's claims insofar as they were asserted against him in his capacity as an elected Metro official. Mr. Gentry conceded that, when he was carrying out the business of the Twentieth Judicial District and its bail system, he was acting as an agent of the State of Tennessee and not in any capacity as a representative or agent of Metro.

16. In its order denying Mr. Gentry's motion to dismiss and granting NCBF's motion for a preliminary injunction, the Court concluded that "the Criminal Court—and, by extension, the Clerk's Office—is an arm of the State of Tennessee, and Gentry is its officer or employee." The Court ruled that the official-capacity claim against the "Clerk's Office" is equivalent to a suit against the State of Tennessee.

17. Because its Charter does not provide Metro's Department of Law with authority to represent the State of Tennessee or individuals acting as arms of the State in litigation, the Department of Law withdrew as counsel of record for Mr. Gentry. Prior to doing so, the Department of Law informed the Office of the Tennessee Attorney General of the Court's ruling on NCBF's motion for a preliminary injunction and its finding that Mr. Gentry was acting as an arm of the State, and it again requested that the Attorney General enter an appearance on Mr. Gentry's behalf. (*See* March 20, 2020, Letter to Attorney General, attached as Exhibit 2.)

18. On May 5, 2020, the Office of the Tennessee Attorney General formally informed Mr. Gentry that it would not represent him in the lawsuit. Mr. Gentry was then forced to secure private counsel to represent him for the remainder of the litigation, lest default judgment be entered against him.

19. Now represented by private counsel, Mr. Gentry filed a second motion to dismiss that raised substantive arguments not previously presented to the Court. The Court denied this motion, too, and in so doing resolved several substantive legal questions in NCBF's favor.

20. On December 8, 2020, the parties, recognizing that the Court's opinions in the matter fully and finally decided all issues in the case in NCBF's favor, moved for entry of a consent judgment and decree. The consent judgment and decree, which was entered the following day, noted that "there is still an outstanding question of which entity—the State of Tennessee or the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro")—is responsible for the satisfaction of any award of attorney's fees." (Consent Judgment and Decree ¶ 14, attached as Exhibit 3.)

21. As the prevailing party, NCBF moved for an award of attorneys' fees, costs, and expenses. Attorneys for Metro's Department of Law filed a response, stating in part that because Mr. Gentry (1) was enforcing a state criminal court rule previously adopted by state Criminal Court judges and (2) performed no duties related to county functions for purposes of the case, the State of Tennessee, and not Metro, is responsible for any fee award.

22. The State of Tennessee also filed a response to NCBF's motion for a fee award, arguing that Mr. Gentry was acting on behalf of Metro; thus, according to the State, any award would be Metro's responsibility.

23. NCBF, while noting that the State of Tennessee ignored the Court's express invitation to defend a State actor's conduct in his official capacity, took no position on which governmental entity is responsible for the payment of fees.

24. The Court granted in part NCBF's motion and awarded NCBF $340,335.42 in fees and costs. In its accompanying memorandum, the Court noted that the conflict as to whether the award should be paid by Metro or the State was not properly before it because its duty was only to assess fees against the losing party in the case, which the Court determined was the Clerk's Office. The Court declined to resolve any intergovernmental budgetary disagreements about where the money will come from.

## II. Subsequent Attempts to Satisfy the Judgment

25. The Criminal Court Clerk's Office for the Twentieth Judicial District does not have sufficient funds to pay a judgment, including the award for attorneys' fees, in its current operating budget.

26. Because Mr. Gentry was acting as an agent of the State of Tennessee when he carried out the business of the Twentieth Judicial District and its bail system, he sought to obtain funds from the State of Tennessee to pay the attorneys' fee award.

27. On his behalf, Mr. Gentry's private counsel sent a letter to the Office of the Tennessee Attorney General, requesting that the State pay the attorneys' fee award. The State declined.

28. Mr. Gentry then filed a claim with the Tennessee Board of Claims, attempting to obtain funds to pay the award. While not dispositive of the question of whether the State owed the funds under 42 U.S.C. § 1988, the Board of Claims provided Mr. Gentry a potential alternative method of procuring the funds to satisfy the judgment. On February 14, 2023, the Board of Claims denied Mr. Gentry's request, finding that he was not an employee under the state law relevant to the claims process.

29. With nowhere else to turn, Mr. Gentry requested a supplemental appropriation from Metro. To date, Metro has not provided a supplemental appropriation.

30. Counsel for NCBF has indicated that it intends to conduct post-judgment discovery into the Criminal Court Clerk Office's ability to pay any judgment.

### III. Mr. Gentry Was an Agent of the State of Tennessee When He Carried Out the Twentieth Judicial District's Business

31. In the NCBF lawsuit, the Court held that Mr. Gentry was acting as an officer or employee of an arm of the State of Tennessee and that NCBF therefore had properly notified the State of the suit by serving Mr. Gentry. *Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 297–98 (M.D. Tenn. 2020).

32. The Court also held that "a suit against the Clerk in his official capacity is actually a suit against the Clerk's Office of the Criminal Court of the Twentieth Judicial District, and the Twentieth Judicial District is a state-created entity that is distinct from Metro." *Nashville Cmty. Bail Fund*, No. 3:20-CV-00103, Doc. No. 90 at 9.

33. The Court concluded that the five-factor test set out in *Miller v. Caudill*, 936 F.3d 442 (6th Cir. 2019), governs whether Metro or the State is liable for the attorneys' fee award, but because the only party before it was the Criminal Court Clerk, *Miller* was not yet applicable. *Nashville Cmty. Bail Fund*, No. 3:20-CV-00103, Doc. No. 90 at 9–10. Through this declaratory judgment action, the issue is now squarely before this Court.

34. Per *Miller*, courts in the Sixth Circuit look to five factors for determining who has to pay an attorneys' fee award under 42 U.S.C. § 1988 where a claim is asserted against an official in his or her official capacity: (1) how state statutes and courts refer to the officer; (2) who appoints the officer; (3) who pays the officer; (4) the degree of state control over the officer; and (5) whether the functions involved fall within the traditional purview of state or local government.

35. The first three factors are a mixed bag, and they do little to address the question of whether Mr. Gentry is a state or local actor *for the specific functions at issue*. But the final two factors, just as in *Miller*, plainly establish State-actor status.

36. First, the State exerts significant control over the Criminal Court Clerk for purposes of the rule at issue. The Criminal Court judges for the Twentieth Judicial District—who are State actors—signed and adopted the Local Rules of Practice for Bail Bonds. Pursuant to state law, the Criminal Court Clerk *must* apply the rules to the administrative functions of his office. That is, the Criminal Court Clerk had no choice but to deduct fees, costs, and fines from cash bonds pursuant to Local Rule 10B.

37. Second, the functions at issue in this case are State functions. It was the Twentieth Judicial District Criminal Court judges—not any Metro official—who adopted the Local Rules at issue, which themselves plainly govern state criminal matters. And Mr. Gentry was doing precisely what the Criminal Court judges ordered him to do by deducting fees, costs, and fines from cash bonds.

38. Accordingly, under the *Miller* test, Mr. Gentry was acting as an agent of the State of Tennessee when he enforced a Criminal Court Local Rule adopted by Criminal Court judges, who are indisputably state actors.

## CAUSE OF ACTION

39. Plaintiffs hereby adopt and incorporate all allegations in the preceding paragraphs as if fully set forth herein.

40. Mr. Gentry has sought an appropriation from Metro to pay the outstanding judgment, which has not been provided. Whether Metro is responsible for the judgment pursuant to 42 U.S.C. § 1988 is a live controversy.

41. Plaintiffs are entitled to a declaratory judgment as to whether, for purposes of determining which governmental entity is responsible for payment of an award for attorneys'

fees under 42 U.S.C. § 1988, a criminal court clerk acts as an agent of the State and not as a local official when he enforces a state court rule that serves purely a state function.

42. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants and pray that the Court award the following relief:

1. That a jury hear all claims so triable.

2. A judgment and order declaring that, when enforcing a state court rule that serves purely a state function, a criminal court clerk acts as an agent of the State of Tennessee and not as a local official.

3. A judgment and order declaring that the State of Tennessee is responsible for satisfying the attorneys' fees awarded in *Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-CV-00103, in the amount of $340,335.42.

4. Such further and general relief as the Court deems appropriate.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *Michael R. Dohn*
MELISSA ROBERGE (#26230)
  SENIOR COUNSEL
MICHAEL R. DOHN (#37535)
  ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
michael.dohn@nashville.gov